Public Utilities Commission
No. 6506

1590 BROADCASTING CORPORATION

v.

PUBLIC UTILITIES COMMISSION

May 31, 1973

*Orr and Reno and Richard B. Couser (Mr. Couser* orally) for the plaintiff.

*Cleveland, Waters and Bass* and *Robert T. Clark (Mr. Clark* orally) for the Public Utilities Commission.

PER CURIAM. This case is an appeal under RSA 365:21 and RSA ch. 541 from the denial by the public utilities commission of a news publisher's asserted right under RSA 365:8, RSA ch. 91-A (Supp. 1972), the State constitution or the Federal Constitution to disseminate over the news media its tape recording of a public hearing held before the public utilities commission.

The plaintiff is a New Hampshire corporation engaged in radio broadcasting and newspaper publishing. When the public utilities commission held hearings pursuant to New England Telephone and Telegraph Company's filing for increased tariffs, plaintiff filed an appearance with the commission and attended the hearings to contest the rate increase. At the hearing of March 10, 1972, the commission denied plaintiff's request to tape-record the proceedings under a long-standing unwritten policy of the commission that prevented the presence of recording devices. The commission allowed private written transcription and made available the official stenographic record. The commission also allowed the televising of a portion of that hearing.

On March 13, 1972, the plaintiff obtained a temporary injunction from the Superior Court (*Keller,* C.J.) allowing plaintiff to tape-record the hearings with limiting instructions to prevent disturbing the hearings. The injunction was issued solely "in order to facilitate his (the plaintiff's) participation in the hearing" and any further use of the recording by the plaintiff "shall be only by permission of the Commission". Plaintiff duly excepted to this part of the injunction which limited use of the recording to plaintiff's litigant status and thereby prevented any use of the recording in the media without prior commission approval. Both the commission and plaintiff complied with the injunction and plaintiff recorded the hearings without any evidence that the proceedings were disturbed thereby.

On March 14, 1972, plaintiff submitted a motion to the commission for permission to utilize the tapes in radio broadcasting and printed news media. The commission, without stating reasons, denied the motion the same day. The plaintiff submitted a motion for rehearing which the commission ruled untimely. Plaintiff later submitted a timely motion for rehearing after the rate case was decided and the commission denied the motion.

The tape recording allowed plaintiff by the injunction was solely for plaintiff's benefit as a litigant in the rate hearings. Since the plaintiff's exception to the injunction is not before us, we are concerned here solely with the validity of the

commission's denial, under the injunction, of plaintiff's request for permission to disseminate the tape of the rate hearings in either public broadcasting or publishing media.

Plaintiff maintains that the provisions of the Access to Public Records Statute, RSA ch. 91-A (Supp. 1972), cover these hearings and therefore nondisruptive tape recordings by the news media are guaranteed under the wording of RSA 91-A:2 (Supp. 1972): "All public proceedings shall be *open to the public,* and *all persons* shall be permitted *to attend any meetings of those bodies or agenices."* (Emphasis added.) Plaintiff buttresses this position with the further statutory requirement of RSA 365:8 that "all hearings shall *be open to the public."* (Emphasis added.) We agree that RSA 91-A:1 (Supp. 1972) applies to commission hearings, but we do not construe the language of RSA 91-A:2 (Supp. 1972) and RSA 365:8 to restrict the commission's ability to control the means whereby the media record these open hearings.

The common meanings of the words "to attend" and "open to the public" refer to the presence of individuals at the hearings and have no bearing whatsoever on the recordation of the hearings. The second sentence of RSA 91-A:2 (Supp. 1972) requires the keeping of minutes and mandates prompt recording for public inspection by the commission. The commission's official stenographer transcribed the hearings and these records were available to the news media. The commission also allowed the media to make private written transcriptions of the hearings. This more than comports with the statute.

RSA 365:8 states that the commission "shall have power . . . to regulate the mode and manner of all investigations and hearings before it, and all hearings shall be open to the public." The commission thereby has the power to regulate the means of private recordation in its hearings. Taken together, RSA 365:8 and RSA 91-A:2 (Supp. 1972) empower the commission to regulate all private recordings of its hearings.

Plaintiff contends that, as a member of the media, it has a constitutional right to gather information through these tapes under the first amendment guarantee of freedom of the press. We disagree. The Supreme Court makes it clear

that there is no "unrestrained right to gather information". *Branzburg v. Hayes,* 408 U.S. 665, 684, 33 L. Ed. 2d 626, 641, 92 S. Ct. 2646, 2658 (1972); *see Zemel v. Rusk,* 381 U.S. 1, 17, 14 L. Ed. 2d 179, 190, 85 S. Ct. 1271, 1281 (1965).

The commission allowed reporters of all media to be present, to make their own written transcriptions or utilize the commission's official stenographic transcription, and to report whatever occurred through any media. Only taping and filming of the entire proceedings was regulated. The commission did not prevent the gathering of news by the media, but merely regulated the method whereby the media gathered their information. The fact that the media had at their disposal reasonable methods to report the entire public portion of the hearings satisfies the right of the public to be informed. *See Estes v. Texas,* 381 U.S. 532, 14 L. Ed. 2d 543, 85 S. Ct. 1628 (1965).

Since the commission had the right to prohibit the private recording of its proceedings altogether and since by court order the plaintiff was permitted to record only under specified conditions and restrictions and for a particular purpose, the commission was and is not required to grant plaintiff's request for permission to use the tapes for publication in printed news media or broadcasting by radio.

*Appeal dismissed.*